**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY JONES, | No.    18-16106 |
| Petitioner-Appellant, | D.C. No.<br>2:14-cv-00486-JAM-GGH |
| v. | |
| KERN VALLEY STATE PRISON, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 23, 2020[**]
San Francisco, California

Before:  GOULD, CHRISTEN, and BRESS, Circuit Judges.

Petitioner-Appellant (Petitioner) appeals the district court's denial of his

petition for writ of habeas corpus.  We affirm.

**1.**     Petitioner was convicted in California state court for attempted

carjacking, kidnapping for robbery, and being a felon in possession of a firearm,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

with an enhancement for using a firearm in the commission of the carjacking and kidnapping offenses. After exhausting his appeals, Petitioner sought habeas corpus relief in the state courts, which was denied. He then petitioned for a writ of habeas corpus in the United States District Court for the Eastern District of California, which rejected most of his claims but stayed the case to allow Petitioner to exhaust in state court his claim that the trial court violated his right to due process by not conducting a hearing on whether he was competent to stand trial. The state courts again denied his petition. When Petitioner returned to the district court, the district court also denied the petition. Petitioner then filed this appeal.

2. Petitioner's notice of appeal was timely. Although the notice did not reach the district court before the end of the 30-day filing period, "notice [for an inmate confined in an institution] is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). Here, Petitioner has submitted a sworn declaration that he delivered the notice to prison officials on January 17, 2018, which was within the required 30 days. Dkt. No. 5, at 1–2, 6. We therefore have jurisdiction to hear this appeal.

3. We review a district court's denial of a 28 U.S.C. § 2254 habeas corpus petition de novo, *Sanders v. Cullen*, 873 F.3d 778, 793 (9th Cir. 2017), with underlying factual findings reviewed for clear error, *Leavitt v. Arave*, 646 F.3d 605, 608 (9th Cir. 2011). Under the Antiterrorism and Effective Death Penalty Act

2

(AEDPA), "a federal court may not grant a habeas corpus petition unless the last reasoned state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Doe v. Busby*, 661 F.3d 1001, 1010 (9th Cir. 2011) (quoting 28 U.S.C. § 2254(d)). None of those circumstances applies here, and so we affirm.

The trial court ordered a psychological evaluation of Petitioner, which Petitioner contends shows that the trial court had a bona fide doubt as to Petitioner's competence to stand trial and was thus required, as a matter of due process, to hold a competency hearing. *See Pate v. Robinson*, 383 U.S. 375, 385–86 (1966). The record, when viewed through the deferential AEDPA standard of review, does not support Petitioner's position. Instead, the record supports the conclusion that the trial court had a doubt as to the necessity of a hearing, not a "bona fide" doubt as to Petitioner's competence to stand trial.[1] Indeed, California state law expressly permits a judge to order a psychological evaluation of a defendant "before [the judge] is required to express whether he has [a] 'doubt' as

---

[1] In fact, the trial court at one point during proceedings noted that "the farthest thing from my mind at this point is that [Petitioner is] incompetent to stand trial" because Petitioner had "been arguing vociferously and quite competently a number of motions."

to" competency, *People v. Ashley*, 379 P.2d 496, 510–11 (Cal. 1963); *People v. Campbell*, 239 Cal. Rptr. 214, 219–20 (Cal. Ct. App. 1987), and "no clearly established Federal law, as determined by the Supreme Court of the United States," *Busby*, 661 F.3d at 1010, precludes that procedure.

Under AEDPA's standard of review, we also cannot conclude that "a reasonable judge . . . *should* have experienced doubt with respect to competency to stand trial." *Hernandez v. Ylst*, 930 F.2d 714, 716 (9th Cir. 1991) (alteration in original) (emphasis added) (quoting *de Kaplany v. Enomoto*, 540 F.2d 975, 983 (9th Cir. 1976) (en banc)). If anything, Petitioner was highly engaged in his own defense and displayed more than merely "a rational as well as factual understanding of the proceedings against him." *Id.* at 716 n.2 (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). Under AEDPA and on this record, we cannot say that the trial court entertained—or reasonably should have entertained—a bona fide doubt as to competence, and so due process did not require a competency hearing.

**AFFIRMED.**